No. 127.—NEWTON M. FOSTER, plaintiff in error, *vs.* SAMUEL RUTHERFORD, defendant in error. SAMUEL RUTHERFORD, plaintiff, *vs.* TOWNSEND, CRANE & Co. defendants.

[1.] A a judgment creditor moves a rule against the Sheriff to pay over money in his hands collected out of the defendant; B, another plaintiff in *fi. fa.* tenders an issue, suggesting that A has been satisfied, and a verdict is found that the execution is unpaid: *Held*, that A is not entitled, *ipso facto*, to make the rule absolute, provided other liens on the fund are interposed.

[2.] It is not competent for the Court to compel all the judgment creditors to unite in the same issue; if, however, they are notified to do so, they will be bound by the judgment, whether they come forward or not.

Rule against Sheriff in Gilmer Superior Court. Tried before Judge BROWN, May Term, 1856.

The following cases were heard together:

Samuel Rutherford, as the assignee of divers *fi. fas.* against Beverly A. Freeman, filed his rule *nisi* against the Sheriff

of Gilmer County, to compel him to pay over monies in his hands arising from the sale of Freeman's property on said *fi. fas.* Counsel for plaintiffs, in several junior *fi. fas.* proposed to tender an issue in each case, alleging the payment of Rutherford's *fi. fas.* and demanded a separate trial on each issue. The Court over-ruled the motion, and compelled the plaintiffs in the junior *fi. fas.* to unite in tendering the issue.

To which rulings of the Court Counsel for the plaintiffs in the junior *fi. fas.* excepted.

Samuel Rutherford, as the assignee of divers *fi. fas.* against Beverly A. Freeman, ruled the Sheriff of Gilmer County for monies in his hands, raised from the sale of Freeman's property.

Newton M. Foster, an interested party in a junior *fi. fa.* tendered an issue alleging payment of Rutherford's *fi. fas.*

At the May Term, 1856, of said Court, the issue came on to be tried before a Special Jury, when Counsel for Rutherford stated to the Court, that there were several other junior *fi. fas.* against Freeman, and requested that the plaintiffs therein might be compelled to join in the issue about to be tried. The Court refused the motion. The issue was tried and found in favor of Rutherford; whereupon, Counsel for Rutherford moved the Court for a rule absolute, requiring the Sheriff to pay out the monies to the *fi. fas.* in his hands, according to their priority. To which motion William Martin, as Counsel for the plaintiffs in several junior *fi. fas.* objected and tendered an issue on said rule on each of said *fi. fas.* The Court sustained the objection—to which decision Counsel for Samuel Rutherford excepted—and passed an order requiring the plaintiffs in all other *fi. fas.* against Freeman to unite in tendering an issue.

To which rulings of the Court Counsel in the other *fi. fas.* excepted.

WALKER; UNDERWOOD, 'for Rutherford.

BROWN, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Was the Court right in refusing to order the fund in Court to be paid over to Samuel Rutherford?

We think so. Only one plaintiff in *fi. fa.* had been heard. It is true, the issue of payment tendered by him was found for Rutherford. But the other judgment creditors were neither parties nor privies to this proceeding, and were entitled to their day in Court.

Under the circumstances, the Court was not warranted, perhaps, in directing, peremptorily, all the other judgment creditors to unite in tendering an issue. Every man must have the privilege or opportunity of litigating, where his interests are at stake. No one should be compelled to do so against his will.

The better practice in all such cases, and the one which we propose to establish, is this: The rule against the Sheriff, at the instance of any creditor, makes the case. Let all other parties in interest who have a claim upon the fund, be notified, *in writing*, by the Sheriff or by the pro-movant, of the pendency of the rule, if taken, or let the creditor give like notice of his intention to apply, if it be not done. And then, all persons in interest thus notified, may or may not, at their option, come in. Whether they do or not, they will, in such case, be bound by the judgment.

Heretofore, there has been no practical difficulty in the distribution of money. Any creditor moved a rule against the Sheriff. In his return, the officer reported the amount of money raised, together with the liens in his hands claiming it. And it was considered the duty of all creditors to take notice of the sale and to file their liens in the hands of

the Sheriff. If no objection was made, the fund was directed to be paid out to the different liens, according to their legal priority. If any objection was interposed to any of the liens, an issue was immediately made up and tried. And there was an end of the matter.

[2.] But the ingenuity of Counsel has invented this new scheme of delay and litigation. One lien only is produced at a time ; an issue is formed and tried, and then another ;. and so, the fund is held up from Court to Court, unproductive and liable to waste; and thus, justice is defeated. Something must be done to counteract it, and the plan suggested will accomplish this. And it is in conformity to all the analogies of the law. There is but one case—that made by the rule; still, each creditor will be entitled to make out or defend his own ground. And if notified, there is just as much reason why he should be bound as the warrantor of a deed, who is vouched by his vendee.

Let some rule be adopted to prevent delay, or the hope thereof, and we doubt not the threatened mischief from this. modern innovation will be averted.