53 79
d97 785

WILLIAM H. STRICKLAND, sheriff, plaintiff in error, vs. HALSTED SMITH, defendant in error.

A mere notice to the sheriff to retain money collected under legal process, unless accompanied by some lien claiming it, will not justify him in withholding it from the plaintiff under whose process he received it.

Sheriff. Executions. Lien. Before Judge SCHLEY. Bryan Superior Court. April Term, 1874.

For the facts of this case, see the decision.

CHARLES N. WEST, by R. H. CLARK, for plaintiff in error.

MELDRIM & ADAMS; HALSTED SMITH, for defendant.

WARNER, Chief Justice.

This was a rule against the sheriff of Bryan county, calling on him to show cause why he should not pay to Halsted Smith the sum of $372 99. From the sheriff's answer, the following facts were admitted by him to be true : That he had an execution in his hands for collection in favor of Poindexter against Henry E. Smith, for about $500 00; that he collected the money due on the execution, and paid the same over to the plaintiff's attorney therein; that whilst the execution was in his hands for collection, the plaintiff, Halsted Smith, notified him, in writing, that he held a claim against Poindexter, and had sued out an attachment against him as a non-resident of the state, and had garnished Henry E. Smith, and also notified him to retain the money which he should collect on the *fi. fa.* in favor of Poindexter against Henry E. Smith, until the November term of the superior court. On this statement of facts the court made the rule absolute against the sheriff for the amount of plaintiff's claim against Poindexter, the defendant in attachment; whereupon, the sheriff excepted.

In our judgment, the court erred in making the rule absolute against the sheriff, on the statement of facts contained in the record. The sheriff was not bound to retain the money in his hands, collected from Henry E. Smith in favor of Poindexter, on the mere notice of Halsted Smith for the payment of his debt, unaccompanied by any lien on the money. The notice was no lien on the money in the sheriff's hands; in fact, the plaintiff, at the time of giving the notice, had not obtained judgment on his attachment, and, as the record shows, did not do so until April, 1874. A mere notice to a sheriff to retain money in his hands, collected by him under legal

process, without such notice is accompanied by the lien claiming it, will not justify the sheriff in doing so, or excuse him from paying twenty per cent., if the money should be demanded of him by the plaintiff in *fi. fa.*, under the statute.

Let the judgment of the court below be reversed.