JAMES S. SIMS, plaintiff in error, *vs.* WILLIAM H. KIDD, for use, *et al.*, defendants in error.

1. Where there is a fund left in the sheriff's hands, after satisfying the executions under which property was sold, and an order is given by the de-

Sims *vs.* Kidd *et al.*

fendant to a third person for such surplus, it is no defense to a rule that an unforeclosed mortgage on the property sold, of older date than such order but junior to the executions, had been placed in the sheriff's hands on the day of sale.

2. But if the mortgagee be made a party to such rule, and sets up his equitable claim to the fund on account of the insolvency of the defendant, he has an equity to the money superior to that of the holder of the order.

Mortgage. Sheriff. Judicial sale. Practice in the Superior Court. Before Judge POTTLE. Oglethorpe Superior Court. October Term, 1875.

Reported in the decision.

W. G. JOHNSON, for plaintiff in error.

JOHN C. REED, for defendants.

WARNER, Chief Justice.

This was a rule against the sheriff on the following statement of facts:

On the first Tuesday in July, 1875, the sheriff sold a tract of land under two common law *fi. fas.* as the property of W. H. Kidd, which was bid off by Sims for the sum of $805 00. After satisfying the two common law *fi. fas.*, there remained in the sheriff's hands an excess of $183 00. The defendant, Kidd, on the 6th of July, 1875, gave to Olive an order on the sheriff to pay to him the excess arising from the sale of his property, after satisfying the two common law *fi. fas.*, in payment of a claim which Olive had against Kidd. This order was in the sheriff's hands before the sale of the land. Sims, on the day of and before the sale, placed in the hands of the sheriff a mortgage on the land sold, of younger date than the judgments, made by Kidd, and which had been duly recorded, but which had not been foreclosed, and claimed that the $183 00 in the sheriff's hands should be paid to his mortgage. Sims, on motion, was made a party to the proceeding before the court, and set forth in writing the grounds of his equitable claim to the money in the hands of the sheriff, alleging that

Kidd was insolvent. The court ordered the money in the sheriff's hands to be paid to the defendant, Kidd, for the use of Olive; whereupon Sims excepted.

The mortgage of Sims was dated on the 2d of June, 1875, and recorded on the 9th of June, 1875, and was of older date than Kidd's order to the sheriff to pay the money to Olive, and it was admitted that Kidd was insolvent. Whilst it was no sufficient answer for the sheriff to protect him from paying the money in his hands under the rule, that Sims had placed in his hands a mortgage against Kidd which had not been foreclosed, still Sims had the right to come before the court and be made a party to the proceeding for the purpose of asserting his equitable claim to the money arising from the sale of Kidd's land, on which he had a mortgage, as against the claim of Kidd to the money or his assignee, Kidd being insolvent, and the question was, who had the superior equity to the $183 00 in the sheriff's hands, arising from the sale of Kidd's land, Kidd or his assignee, Olive, or Sims who had a duly recorded mortgage on the land? In our judgment, Sims had the superior equitable claim to have had the money in the sheriff's hands applied to his mortgage, unless it could have been shown by the other contesting party that the mortgage had been satisfied, or for some other reason, that it was not a valid, subsisting mortgage. On the statement of facts disclosed in the record, we reverse the judgment of the court below.

Judgment reversed.