John E. Jones *et al.*, committee, *et al.*, plaintiffs in error, *vs.* Johnson & Smith *et al.*, defendants in error.

The creditors of an insolvent firm, for the purpose of stopping litigation, etc., entered into an agreement providing for the distribution of the funds of the debtors through a committee appointed from their own body. The court in which the litigation over such funds was pending, adopted the said agreement, and ordered that the same be taken as an interlocutory degree, and that the original case stand

upon the docket for further order.   A portion of such creditors petitioned the court to compel the committee to allow certain claims. The committee and certain other creditors demurred to the petition. The demurrer was overruled, and they brought the decision, by writ of error, to this court:

*Held,* that whether the committee be considered as acting in the capacity of receivers, or of creditors, their conduct was subject to the order of the court on the final hearing, and therefore the writ of error was prematurely brought.

Judgments.   Practice in the Supreme Court.   August Term, 1877.

Reported in the opinion.

. LANIER & ANDERSON, HILL & HARRIS, for plaintiffs in error.

WHITTLE & WHITTLE; G. W. GUSTIN; W. A. PROUDFIT, for defendants.

WARNER, Chief Justice.

This case came before the court below on the petition of the complainants for the court to compel the committee to allow their respective claims on the fund in their hands, under the following annexed agreement, which the petitioners allege said committee refused to do, the said agreement being signed by the creditors of Burr & Flanders, including the petitioners:

" GEORGIA—Bibb county:

" The undersigned, creditors of Burr & Flanders, for the purpose of stopping the litigation growing out of their failure, and of distributing the fund and releasing them, do make the following agreement:

" 1. The individual property of C. M. Wily shall be applied to his individual debts, not counting as such any of his indorsements or acceptances of Burr & Flanders.

" 2. The cases in bankruptcy are to be withdrawn, and

the costs of the cases in bankruptcy, as well as those in the state courts, shall be paid out of the fund in hand—each party to pay his, or their own, lawyers' fees.

" 3. The fund in hand, after payment of expenses, shall be divided between the creditors of Burr & Flanders in the following proportion, to-wit: the general creditors of Burr & Flanders shall draw two-tenths and the secured creditors shall draw three-tenths, and the same rule shall be extended to any funds to be hereafter realized. The secured creditors, or those recognized as such, are the Central Railroad and Banking Company, about —— dollars; the Capital Bank, about —— dollars; and the Macon Bank and Trust Company, about —— dollars, the precise amounts to be ascertained by the committee.

" 4. All claims against Burr & Flanders shall be presented to the committee appointed by the meeting, which committee shall proceed to ascertain the precise amount of the claims, with interest to be calculated upon all of them up to the first day of January, 1875 ; any person having demands against Burr & Flanders, against which they have sets-off, the balance due them shall alone be counted as a debt, and parties holding collaterals in possession shall give credits for the amounts which may have been collected, and also for the value of those remaining on hand,.or they shall return the collaterals to be thrown in the general fund, and then take their share as unsecured creditors to this extent.

" 5. Charles M. Wily to be released and discharged from all his indorsements or acceptances of Burr & Flanders, and Burr & Flanders to be discharged from all their liabilities to those creditors, but none of the parties shall claim any homestead or exemption of personalty out of the funds of Burr & Flanders.

" 6. The funds belonging to Burr & Flanders shall be distributed as early as practicable in the proportions above specified, and for this purpose the fund shall be withdrawn from the city bank and placed in the hands of the committee appointed as aforesaid for distribution, either by an or-

der of the court, or check of the receiver, to whose credit it is now deposited.

"7. Henry L. Jewett, John E. Jones and Richard A. Cubbedge are hereby appointed a committee of the creditors with power as herein specified; in cases of disagreement among the committee, as to the amount of claims, or their priorities, such cases shall be referred to Judge J. J. Gresham, whose decision shall be final.

"This committee shall take charge of and sell the mill property to the best advantage and collect the remaining assets, and from time to time make distributions of the same, under the rule and proportions aforesaid; and the committee shall have full power to compromise all claims due to Burr & Flanders so as to bring the whole matter to a close as early as practicable, as well as any claim which may be presented for bringing the money into court."

The court passed an order adopting the aforesaid agreement of the creditors, and further ordered that the same be taken as an interlocutory decree, and that the original case stand upon the docket for the further order and decree of the court. The committee, and other creditors of Burr & Flanders, demurred to the petitioners' petition on several grounds, which was overruled, and they excepted and brought the case up to this court. Whether we consider the committee in the character of receivers of the assets of Burr & Flanders, or as auditors to adjust the claims of their creditors thereto, still they were the officers of the court, and their conduct was subject to the order and decree of the court upon the final hearing of the cause. The original suit in which the action of the committee is complained of by the petitioners in their petition, being still pending in the court below, the judgment of the court overruling the demurrer thereto, was prematurely brought to this court. Code, § 4250.

Let the writ of error be dismissed.