## Smith *et al. vs.* Bowne *et al.*

A mortgage upon land having been made to secure several negotiable notes, and the notes having been passed to several different holders, and one of the holders having obtained a general judgment, and another having foreclosed the mortgage in the name of the mortgagee for his use, a sale of the premises under the general judgment passed the title free from the mortgage lien, the attorney representing the judgment of foreclosure having placed the execution founded thereon in the hands of the officer of the law making the sale, and caused the title, unincumbered, to be sold, and there being no fraud in the sale, and the premises having brought full value, or an amount approximating thereto. The notes not covered by either judgment cannot be enforced against the land, but are thrown, in equity, upon the fund produced by the sale, for their *pro rata* share thereof.

Equity. Mortgage. Levy and sale. Before Judge WRIGHT. Decatur Superior Court. November Term, 1877.

Smith *et al.* filed their bill against Bowne *et al.*, making, in substance, the case presented by the head-note, and pray-

ing that the land be resold under the mortgage lien, and the proceeds be appropriated to the satisfaction of the notes held by them, and the balance paid to the purchasers at the prior sale under the common law execution.

The case was submitted to the chancellor without the intervention of a jury, who decreed that the sale already had divested the lien of the mortgage as to all the notes, and that the purchasers acquired an unincumbered title; that the lien of the mortgage attached to the proceeds of the sale, and that complainants might have leave to enter a rule absolute to enable them to proceed against such proceeds.

To this decree complainants excepted.

BOWER & CRAWFORD, for plaintiffs in error.

J. C. RUTHERFORD, by JACKSON & LUMPKIN; W. O. FLEMING, for defendants.

BLECKLEY, Judge.

This is a case of which no perfectly satisfactory disposition can be made. The superior court did with it the best that was possible, and we leave the judgment to stand. All who were interested in the mortgage should have been vigilant in watching their security. When proceedings were commenced to foreclose the mortgage, they should have come forward and had themselves made parties. Not to do so was laches, and they must abide the consequences. Their due share of the fund, produced by a sale of the property under the general judgment, may be reached by this proceeding in equity; but they cannot subject the property to a re-sale. It has been legally sold (Code, §1967), and the purchaser took it divested of the mortgage lien. Under the evidence, there is no certainty that it did not bring its full value. True it is that thus to rule on the lien is to treat the mortgage as foreclosed for all that was due upon the outstanding notes; whereas the foreclosure, though in the name of the mortgagee, was for the use of but one of

the holders, and took no account of the notes which were in the hands of other holders. But these holders ought to have seen to having the foreclosure suit broad enough to comprehend their claims. To have numerous foreclosures of the same mortgage after all the notes secured by it have come to maturity, would seem anomalous. Provision is made for a single foreclosure as to the whole, where the debt matures by installments. Code, §§1965, 3970.

For cases having some resemblance to the present one, in their facts, see 2 Florida, 27; 6 *Ib.*, 171; 1 Hilliard on Mortgages, 243, *et seq.*, and notes; 10 Smede & M., 631.

Cited for plaintiff in error: Code, §§1965, 1967, 3973, 3974; 20 *Ga.*, 723; 25 *Ib.*, 316; 20 *Ib.*, 344; 27 *Ib.*. 205; 22 *Ib.*, 34; 32 *Ib.*, 228; 18 *Ib.*, 278; 46 *Ib.*, 488; Code, §2787; 9 *Ga.*, 87; 32 *Ib.*, 234; 7 Am. Com. Law, S. P., 81; 2 Am. Chan. Dig., 208; 1 Johns., 580.

Cited for defendant in error: Code, §§1965, 1967, 3970. Judgment affirmed.