### Smith *vs.* Wade, constable, *et al.*

Where the constable's answer to a rule shows money in his hands collected on the execution, and fails to show any legal reason for not paying it over, the rule should be made absolute. Notice to the constable, not accompanied with any judgment, *fi. fa.*, or other lien upon the money, is no justification for withholding the money from the plaintiff whose execution brought it into court. On the facts stated in the petition for *certiorari*, it should receive the sanction of the judge.

*Certiorari*. Rule. Levy and sale. Before Judge Underwood. Floyd County. At Chambers. July 29, 1879.

Mrs. Smith petitioned for the writ of *certiorari*, presenting the following facts: She obtained an "attachment absolute" against Chambers, former constable of the 919th district, G. M., in the case of petitioner against Bailey, for $25.00, with interest at 20 per cent. per annum theron from October 9, 1877. A *fi. fa.* was issued thereon by Towers, N. P., and *ex officio* J. P.; this *fi. fa.* has been reduced to $4.50 principal, with interest. It was placed in the hands of Wade, constable, for collection; and on January 11, 1879, the defendant therein paid to him $5.50. This amount the constable refused to pay over on demand. Wherefore she ruled him. He set up no excuse for his failure except the receipt of the following notice:

"J. L. Wade—You are hereby notified to hold up any money in your hands in favor of M. L. Smith to pay cost in the case of Moses Bailey *vs.* M. L. Smith *vs.* Moses Bailey. January 11, 1879.

[Signed]          J. L. Chambers, former L. C."

The magistrate refused a rule absolute, and dismissed the rule *nisi.* Wherefore petitioner prays the wiit of *certiorari.* The writ was refused, and petitioner excepted.

W. D. ELAM, by brief, for plaintiff in error.

FORSYTH & HOSKINSON, for defendants.

BLECKLEY, Justice.

Mrs. Smith ruled constable No. 1, and obtained an execution against him. He paid to constable No. 2 a balance due upon this execution. She then ruled constable No. 2, who answered that constable No. 1 had served him with a notice to hold up the money, and produced a copy of the notice, or, perhaps, the original.

Whether this pair of constables are pulling together .or against each other, we see not how Mrs. Smith is to get her money by mere constable power. She seems to us to need judicial assistance. The magistrate ought to have made the rule absolute, and as he refused, the judge of the superior court should have sanctioned the petition for *certiorari.* Mere notice to an officer to detain money which he has collected on legal process, will not justify him in holding it. 53 *Ga.,* 79.

Judgment reversed.