Baker & Hall vs. Gladden, sheriff.

---

BAKER & HALL vs. GLADDEN, sheriff.

1. The holder of an unforeclosed mortgage cannot claim at law the balance of a fund arising from the sale of the property covered by the mortgage, after paying the judgment under which it was sold, and which was older than the mortgage, but he can make such a claim in equity, and this could be done on a money rule, with proper allegations, showing the insolvency of the debtor and that the mortgage creditor would be without remedy, unless such fund were awarded to him.

(a.) Certain property having been sold under a judgment, which was the oldest lien thereon, after satisfying it, the balance of the money arising from the sale should have been paid to an unforeclosed mortgage, in preference to junior judgments, under proper pleadings to claim it.

2. Where property was sold under a mortgage *fi. fa.*, which was the oldest lien thereon, after satisfying it, the balance of the proceeds of the sale were properly paid to the holder of a deed to the property, in preference to judgments against the grantor rendered subsequent to its date, to the extent of the debt which the deed was made to secure.

3. Where counsel agreed, in writing, that the brief of evidence filed with the motion for new trial was correct, the writ of error will not be dismissed by this court, because such brief of evidence did not contain copies of certain documents, but only statements of their substance.

April 8, 1884.

Mortgages. Liens. Debtor and Creditor. Judgments. Money Rule. Practice in Supreme Court. Before Judge FAIN. Bartow Superior Court. July Term, 1883.

To the report contained in the decision it is only necessary to add the following: When this case was called in the Supreme Court, a motion was made to dismiss the writ of error, on the ground that certain documents in the brief of evidence were not copied in full, but only the substance of them was set forth. At the end of the brief of evidence appears the following agreement of counsel:

"We agree that this brief of evidence is correct. August 6, 1883.

GRAHAM & GRAHAM,
*Att'ys for Hudgins & Mahan.*"

The presiding judge approved the brief, and ordered it filed.

The motion to dismiss was overruled.

J. A. BAKER, for plaintiffs in error.

NEEL, CONNER & NEEL; JOHN W. AKIN; GRAHAM & GRAHAM, for defendant.

BLANDFORD, Justice.

A tract of land, known as the Cassville place, belonging to John D. Lawson, was sold under an execution in favor of W. T. Wofford, founded on a judgment at law, which judgment was the oldest lien on the property of Lawson. The next oldest lien was an unforeclosed mortgage in favor of Mahan. There were divers junior judgment liens in favor of Baker & Hall and others. Another tract of land, known as the Mill place, was sold under a mortgage *fi. fa* in favor of Stokely, Williams & Co. These two tracts brought more than enough, the first to pay Wofford's execution, and the latter to pay the mortgage of Stokely, Williams & Co Upon a rule brought to distribute the money, Mahan claimed the surplus arising from the sale of the Cassville place, after the payment of the Wofford *fi. fa.*, upon his unforeclosed mortgage. He, coming in and making himself a party to this proceeding, and alleging that said Lawson was insolvent, and that his mortgage was the next lien

in date to Wofford's judgment, and an older lien than any other claimant of this fund; that if he was not allowed payment out of this fund, he was wholly without remedy. The court awarded the remaining fund, arising from the Cassville place, to Mahan, upon his mortgage. And this ruling is the first error assigned. The fund arising from the Mill place being more than sufficient to pay the mortgage of Stokely, Williams & Co., the balance was claimed by R. H. Jones, as a purchaser from Lawson, under a deed of conveyance, which deed was older than the common law judgments claiming this fund. The court directed that so much of the fund as was sufficient to pay the debt from Lawson to Jones, which the deed was taken to secure, be paid to Jones. And this ruling is excepted to, and error is assigned thereon.

1. We are of the opinion that the judgment of the learned judge who tried this case was correct on both grounds excepted to. The questions involved are not free from difficulty. The right of Mahan to claim the fund upon his unforeclosed mortgage, presents the most serious question in this case. That he could not claim at law has been settled by this court. 55 *Ga.*, 607; Code, §1967. But we think he can claim in equity, and that this proceeding, together with the allegations, made by Mahan, is a proceeding in equity. So the question is made by these proceedings, who has the superior equity to this fund? We think, under the facts, that Mahan has. *Sims vs. Kidd,* 55 *Ga.,* 625; *Smith vs. Brown,* 60 *Ga.,* 484; *Newsom vs. Carlton,* 59 *Ga.,* 519; 52 *Ga.,* 588. If this fund be distributed to execution creditors, whose liens are junior to the mortgage of Mahan, he will be left wholly without remedy. The execution creditors claim this fund by reason of the liens of their respective judgments on the property sold, and not otherwise. Now, the lien of Mahan's mortgage on the property sold is superior to these judgment liens, and under the facts of this case, his equity, to have his mortgage paid out of this fund, is superior to the claims of these junior judgment creditors.

2. The other remaining question is, did Jones, as a purchaser of the Mill place under a deed anterior to the common law judgments, have a right to the fund arising from the Mill place, after the payment of Stokely, Williams & Company's mortgage, in preference to the creditors holding judgments at law? We think so, for the most obvious reason that the judgments never had a lien upon the land which was sold under the mortgage of Stokely, Williams & Co. When these judgments were obtained against Lawson, he had no title to the land which was sold, and from the sale of which the fund arose. It had been conveyed to Jones; so that their judgments were not liens on the land. The fund being a surplus, after discharging the mortgage of Stokely, Williams & Co., this surplus should have been paid over to Jones, as was done in this case.

Upon a careful consideration of the record in this case, we find no errors in the several rulings of the court below.

Judgment affirmed.