## CRAWFORD *vs.* WILLIAMS *et al.*

1. A rule against a sheriff is not limited to cases in which he has neglected or violated his duty, causing injury to the movant; but where he has a fund in his hands in respect to which there are conflicting claims, and he is honestly in doubt as to what is his duty, he is entitled to the direction of the court relieving him from responsibility as to the matter in controversy; and this may be had by a rule to distribute the fund, which serves the purpose of a bill of interpleader, the sheriff being a mere stakeholder, and the contestants litigating over the funds in his hands.

2. Where a defendant in *fi. fa.* conveyed certain land, and subsequently other judgments against him were rendered, if the land was sold by the senior execution and the fund brought into court, after satisfying the older *fi. fa.*, the equity of the holder of the deed was superior to that of the holders of the junior judgments; and this could be asserted on a rule to distribute the fund.

(*a.*) This case differs from those in 53 *Ga.*, 79, and 72 *Id.*, 767.

April 27, 1886.

Sheriffs. Officers. Liens. Deeds. Before Judge WILLIS. Marion Superior Court. October Term, 1885.

Reported in the decision.

MILLER & BUTT; J. S. McCORKLE; HARRISON & PEEPLES, for plaintiff in error.

BUTT & LUMPKIN, by brief, for defendants.

Crawford *vs.* Williams *et al.*

Hall, Justice.

This is a contest between a party to whom land was conveyed by a defendant in execution, over money in the hands of the sheriff, arising from the sale of the land under judgments older than the conveyance, and which had been satisfied by the sale, and a party who held claims in judgment junior in date to such conveyance. The court awarded the money to the younger judgments, after the satisfaction of the older liens, and to this decision exception was taken by the defendant's feoffee, who was the movant in the rule against the sheriff. No issue was made as to the *bona fides* of the conveyance from the defendant to the movant, and the sole question is as to equities existing between these contending parties, and the right of the movant to reach the fund by rule against the officer.

1. We cannot hold, with the defendant in error, that a rule against the sheriff lies only in cases where he has injured a party by a false return, or has neglected to arrest a defendant, or has failed to levy an execution, or to pay to the plaintiff, or his attorney, moneys collected on *fi. fa.* or other process, or has failed to make a proper return of writs, etc., placed in his hands. That he is liable in any of these cases to " an action on the case, or an attachment for contempt," at the option of the injured party, is expressly provided by the judiciary act of 1799. Code, §3949. He is certainly amenable to punishment for neglect or violation of duty, but it does not thence follow that he is not entitled to the protection, when he is honestly in doubt as to what is his duty, and with a view of ascertaining it,—that he may not seek and obtain the direction of the court to relieve him of any further responsibility as to the matter controverted. Disputes between parties as to moneys held up by the sheriff are frequently settled by judgments of the court rendered on rules against him. This is every-day practice; the sheriff is a mere stakeholder and stands indifferent between the contending parties. In

such cases, the rule stands in the place and serves the pur-pose of a bill of interpleader. By this means the parties are enabled to litigate and obtain a speedy settlement of their rights. So far from discountenancing, we have commended, if not encouraged, this mode of ending disputes. *McCall vs. Walter*, 71 *Ga.*, 287 (3) (a), in which we intimated an opinion that an officer, situated as was the sheriff in this case, was entitled to counsel at the expense of the parties really interested in the suit.

2. It is insisted by the demurrer filed to the movant's rule, that, as he held no lien as a judgment creditor of the defendant in execution, a notice from him to the sheriff to hold up the money would be unavailing to charge him. Generally speaking, this is a correct position, as was held in *Strickland vs. Smith*, 53 *Ga.*, 79, and in *Cumming vs. Wright et al.*, 72 *Id.*, 767. The circumstances of both these cases are widely different from those existing in the case at bar. In neither of them was there more than enough money to satisfy the process under which the sale was made. In the first, the party making the motion had but an inchoate lien created by levying an attachment upon which he had obtained no judgment; in the other, the party moving had only a laborer's lien upon which he had obtained no valid judgment. In this case, the unsuccessful claimant had title to the land sold, which was older than the judgments under which his adversary claimed the fund in hand; the vendor was insolvent, and the party holding the conveyance, by resorting to a court of equity, would have had a right to the fund, in preference to the junior judgment creditor of the defendant in both the older and younger *fi. fas.;* had the former not been in existence at the time of the conveyance, there would have been no incumbrance or lien upon the land, and the vendee's title would have been clear as to the whole of the land; had he satisfied the older judgments, his title would have been good as against the lien of the younger judgments; and that he preferred to have the land sold, and to claim what

remained of the proceeds of the sale after satisfying the lien older than h.s deed, makes no difference in principle as to the extent of his rights in the subject of the controversy. He was practically in a court of equity, as much so as if he had sought that tribunal directly by bill.

Judgment reversed.