### Berrie, sheriff, *v.* Smith.

1. A petition for a rule against a sheriff by one claiming funds in his hands, alleging that a mortgage had been given to secure a principal note and certain notes for interest thereon, maturing at different dates; that the mortgage and all the notes had been transferred to one who subsequently, for value, transferred to the petitioner some of these interest notes, and after so doing had foreclosed the mortgage for the principal debt only, erroneously alleging in the foreclosure petition that the transferred interest notes had been paid; the petition for the rule further alleging that the mortgage *fi. fa.* had been levied upon the mortgaged property, that the same had been sold and bought in by the plaintiff in that *fi. fa.* for less than its value and for less than the principal debt, that the mortgagor was insolvent and petitioner had no other means of collecting his notes, that he had been prevented from being made a party plaintiff to the foreclosure proceeding, because of a misunderstanding between himself and the counsel for the plaintiff in the mortgage *fi. fa.*, that written notice had been given to the sheriff at the mortgage sale to hold up funds sufficient to pay the interest notes belonging to petitioner, and that the sheriff had held up the funds in his hands, is not without equity.

2. The method of procedure against a sheriff for the distribution of funds in his hands raised by levy and sale and claimed by several parties, where the applicant asks for equitable relief, does not differ from the form of procedure where he only insists upon his common law rights, save that in the former case he must allege such facts as entitle him to equitable relief, the difference being one of substance and not of form.

3. It is not essential, in the first instance, that an applicant for a rule against a sheriff for a fund in his hands should make parties to the proceeding other claimants of this fund. After the granting of the rule, upon proper notice to such other claimants, either by the applicant or by the sheriff, they can, if they desire, come in and be made parties; and whether they do so or not, they will be bound by the judgment rendered upon the rule, if they actually participate in the hearing had upon the same.

February 21, 1896.    Atkinson, J., being disqualified, Judge Callaway, of the Augusta circuit, was designated to preside.

Money rule.    Before Judge Sweat.    Glynn superior court.    December term, 1894.

*Atkinson & Dunwody*, for plaintiff in error.
*Johnson & Krauss*, contra.

Callaway, Judge.

Ira E. Smith filed his petition for a rule against W. H. Berrie, sheriff, alleging, that on the 7th of January, 1889, W. M. Mason executed to J. F. Avery eleven promissory notes, one of which represented the principal debt, and was for thirty-five hundred dollars, and matured five years after date. The other ten represented the interest, and were each for one hundred and forty dollars. The first of the series fell due six months after date, and the others matured one at the end of each period of six months respectively thereafter until all had matured. These eleven notes were secured by a mortgage from Mason to Avery upon real estate in the city of Brunswick, valued at the time of the loan at six thousand dollars. Mason paid the first four notes of the one hundred and forty dollar series, but failed to pay any of the other notes. All of the notes and the mortgage were transferred in writing before maturity by Avery to Henry Clay. Clay transferred four of the unpaid interest notes to E. A. Nelson, who transferred them to Smith, the petitioner; each of these transfers being in writing and for value. Clay had foreclosed his mortgage, reciting in his petition for foreclosure that the notes held by Smith had been paid. Pending the foreclosure, Smith had applied to Clay's counsel for permission to be made a party plaintiff, and requested that the petition for foreclosure be amended by alleging that the notes held by him had not been paid. Counsel for Clay, without objecting or consenting, requested further time to investigate the matter, but, without ever answering Smith, or further notice to him, which he expected from them, obtained a rule absolute, had execution issued thereon, and levied it upon the mortgaged property, which was sold and bought by Clay for three thousand and fifty dollars. On the day of sale,

and before the sale took place, Smith notified the sheriff in writing to hold up a sufficient sum out of the proceeds of the sale to pay the notes held by him; and the sheriff had held up the funds under said notice. Mason was insolvent. Smith prayed for a rule against the sheriff, requiring him to show cause why he should not pay out of the funds arising from the sale of said mortgaged property the amount due on said notes. A rule against the sheriff was granted, who, instead of answering through his counsel (who were also counsel for Clay), demurred to the petition, because the facts alleged did not entitle the petitioner to a rule against the sheriff or to the funds in his hands; because he had mistaken his remedy; because he was seeking equitable relief in a strictly legal proceeding; for the want of proper and necessary parties; because copies of the notes and notice served on the sheriff were not attached; and because the mortgage lien of the notes had not been foreclosed.

The court, after allowing the movant to amend by attaching copies of the notes and the notice served by the sheriff, overruled the demurrer, and the sheriff excepted. All of the exceptions to this ruling may be considered and determined by answering the following questions:

1. Under the facts stated in the petition, was Smith entitled to any of the funds in the sheriff's hands arising from the sale of the mortgaged property?

2. Was he using the proper proceeding to enforce his rights?

3. Has he omitted any essential part of the proceedings?

We will discuss these questions in the order named above.

The mortgage executed by Mason was given to secure the notes held by Smith as well as those held by Clay. The several transfers of these notes from Clay to Nelson and from Nelson to Smith did not strip them of the protecting lien of the mortgage. This court has held several times that the transfer of a note secured by a mortgage carries

with it the lien of the mortgage. *Wellborn & Duncan* v. *Williams*, 9 *Ga.* 86; *Roberts* v. *Mansfield*, 32 *Ga.* 228; *Murray* v. *Jones*, 50 *Ga.* 109. But Clay, the holder of the mortgage, was an indorser upon these notes for value, and in the case of *Roberts* v. *Mansfield, supra*, the court in the second head-note says, "When one holds two notes secured by mortgage and transfers the one, retaining the other, the mortgage lien accompanies the transfer as an incident, and it would seem that, in case the security falls short of paying both notes, the holder of the transferred note has a preference over the mortgagee, who retains the other."

In addition to this, the notes held by Smith represented interest due on the debt secured by the mortgage, while the larger part at least of the debt held by Clay was principal. Section 2055 of the code provides that: "When a payment is made on any debt, it shall be applied first to the discharge of any interest due at the time, and the balance, if any, to the reduction of the principal." In view of these principles of the law, it can hardly be questioned that Smith is entitled to share in the proceeds of the sale of the mortgaged property, if not to have his notes paid in full out of said funds.

But it is contended by counsel for plaintiff in error, that Smith has mistaken his remedy; that not having final process, he cannot proceed by rule against the sheriff, nor can he participate in the distribution of the fund in court; and the decisions of this court in the following cases are cited in support of this contention: *Sims* v. *Kidd*, 55 *Ga.* 626; *Strickland* v. *Smith*, 53 *Ga.* 79; *Love* v. *Cox*, 68 *Ga.* 269; *Cumming* v. *Wright*, 72 *Ga.* 767. If there were no facts in this case which entitled Smith to equitable relief, he would be held down to the strict rule of law as announced in the cases cited above; and before he could, even with a superior lien, participate in a distribution of this fund, he

v 97-50

would have to come into court clothed with a final process. But Smith cannot foreclose the mortgage which secures his notes, because it has been legally foreclosed once, and has had its lien upon the mortgaged property exhausted by a sale of the property, and the lien of his debt was transferred by the sale from the mortgaged property to the proceeds of the sale. *Smith* v. *Bowne,* 60 *Ga.* 484. Mason, the maker of the notes, is alleged to be insolvent, so that it would be useless to obtain a judgment against him; and the fact that Clay, the other party interested in this fund, might be liable to him as an indorser, will not defeat his more complete and ample remedy of earlier payment out of this fund. From his allegations it appears that it was not his fault that his debt was not represented in the foreclosure proceedings. Having alleged facts which entitled him to equitable relief, the court will enforce his equitable rights, and failure to come clothed with final process will not debar him from participating in the funds in court. The method of procedure is the same whether the claimant seeks to enforce his legal rights or his equitable rights in the distribution of such a fund, and the proceeding in each case is commenced by a petition for a rule against the officer. When the claimant alleges and proves such facts only as entitle him to strict legal rights, the court will enforce only his legal rights, and these according to the strict rules of law; but when he alleges and proves such facts as entitle him to equitable relief, the court will enforce his equitable rights. The difference is one of substance, and not of form; and this was the practice of the courts in this State even prior to the passage of the uniform procedure act of 1887. *Smith* v. *Bowne, supra*; *Baker & Hall* v. *Gladden, sheriff,* 72 *Ga.* 469; *Crawford* v. *Williams,* 76 *Ga.* 792.

The only remaining objection to the petition was, that Mason, the maker of the note, and Avery, the original payee and mortgagee, and Clay, the present holder of the

mortgage *fi. fa.*, were not made parties.   Neither Avery·
nor Mason had any interest in this fund, nor does it appear
from the petition how either one of them would be affected
by this distribution; so they are not necessary parties.   The
third head-note, which follows the ruling of this court in
the case of *Foster* v. *Rutherford,* 20 *Ga.* 668, sufficiently
defines how and when Clay is to be made a party.

<div align="right">

*Judgment affirmed.*