### 7728. WEATHERLY v. HAYNES, receiver.

Where land conveyed by a security deed was levied on and sold under a judgment in favor of the holder of the security, and, on a rule to distribute the proceeds of the sale after payment of that judgment, the

13

fund was claimed by the receiver of a bank to which, after the execution of the security deed, the defendant sold and conveyed his interest in the land, and this claim was contested and the fund claimed by the holder of a general judgment against the grantor, rendered after the execution of the latter conveyance, the court did not err in holding that the receiver of the bank was entitled to the fund in preference to the contesting judgment creditor.

DECIDED JANUARY 23, 1917.

Money rule; from city court of Hazlehurst—Judge Bryan. June 30, 1916.

*S. D. Dell,* for plaintiff in error. *Newlon Gaskins,* contra.

BROYLES, P. J. 1. Haynes, as receiver of the Farmers State Bank, filed a petition asking that the sheriff be ordered to pay over to him as such receiver funds held by the sheriff, realized from the sale under fi. fa. of certain land owned by one Frazier. The petition shows that Frazier procured a loan from the Union Savings Bank and executed a deed conveying the land to the bank as security for the payment of the debt; and the bank transferred the debt to Mrs. Annie Rusch and conveyed to her its interest in the land conveyed to it by Frazier. She obtained judgment against Frazier and executed and had recorded a deed to him in accordance with the laws of the State, and caused her fi. fa. against him to be levied and the land sold by the sheriff of the county; her deed to Frazier being made (as recited therein) for the sole purpose of having the land levied on and sold to satisfy the fi. fa. in her favor. It was further shown by the petition that after obtaining the loan and executing the security deed, Frazier sold the same land to J. H. Gray, who paid a part of the purchase-price, gave his notes for the balance, and took from Frazier a bond for title to the land. Frazier transferred the unpaid notes of Gray to the Farmers State Bank, and, the notes having matured and Gray being unable to pay them, the Farmers State Bank, with the consent of Gray, paid to Frazier the balance of the purchase price of the property, and took a warranty deed thereto from Frazier, and executed a bond for title to Gray, and took from Gray promissory notes in lieu of the notes given to Frazier. Gray afterward died, but a judgment for the balance due by him to the Farmers State Bank, was taken against him before his death, and that judgment has never been paid. The allegations of the petition show that at the time of the sale of this land by the sheriff no one had any claim to it except Mrs. Rusch, the Farmers State Bank,

and the estate of Gray. Mrs. Rusch held a deed to it to secure a debt, and a judgment based on that indebtedness, and therefore her lien dated back to the date of the execution of that deed, just as if the judgment had been rendered and the fi. fa. properly recorded on that date. She thus had a prior lien on the funds arising from the sale, and her rights were not questioned. The Farmers State Bank, having paid Frazier the purchase-money, less the amount Gray had paid and the indebtedness secured by the deed to Mrs. Rusch, and having, with the consent of Gray, taken a warranty deed thereto, became the owner of the land, subject to the rights of Mrs. Rusch and Gray. Under all the facts as shown by the petition, the claim of Mrs. Rusch having been fully paid, the receiver of the bank was entitled to the proceeds of the sale, and to maintain a rule to distribute the funds, and the court did not err in overruling the demurrer to the receiver's petition, interposed by the intervenor, who was the holder of a general judgment against Frazier, rendered after Frazier had executed his deed to the Farmers State Bank, and who contended that the petitioner had no lien of any kind against Frazier. See *Crawford* v. *Williams,* 76 *Ga.* 792 (2), 794.

2. Under all the facts of the case, as disclosed by the record, including the admission of the administrator of the estate of Gray that he did not claim any part of the funds as administrator or otherwise, the court, sitting by consent without the intervention of a jury, did not err in directing the sheriff to pay the money to Haynes, the receiver of the Farmers State Bank.

*Judgment affirmed.* *Jenkins and Bloodworth, JJ., concur.*