### 7906. THOMASVILLE LIVE STOCK COMPANY *v.* BURNEY.

BLOODWORTH, J. 1. The motion to dismiss the bill of exceptions in this case is denied, because: (*a*) The fund for distribution was raised by the levy of the execution of the plaintiff in error, and the rule and notice thereof served by the sheriff on the plaintiff in error made him a party. Civil Code (1910), § 5348; *Crawford* v. *Williams,* 76 *Ga.* 792; *Morrison* v. *Ponder,* 45 *Ga.* 167 (3); *Mattox* v. *Barry,* 136 *Ga.* 183 (2), 186 (71 S. E. 155); *DeVaughn* v. *Byrom,* 110 *Ga.* 904 (1), 906 (36 S. E. 267); *Orr* v. *Webb,* 112 *Ga.* 806 (38 S. E. 98). (*b*) The case having been passed upon by the judge without the intervention of a jury, a motion for a new trial was not necessary. *Gleason* v. *Traynham,* 111 *Ga.* 887 (36 S. E. 969).

2. The Thomasville Live Stock Company was the owner of a mortgage on realty. It did not foreclose the mortgage, but obtained a general judgment on the debt secured by it, and the property embraced in the mortgage was sold by the sheriff. Burney, another creditor, who had a judgment younger than the mortgage but older than the judgment of the Thomasville Live Stock Company, brought a rule against the sheriff for distribution of the funds realized from the sale of the property. In answer thereto the sheriff admitted the levy and sale, and alleged that the judgment of Burney was older than the judgment of the Thomasville Live Stock Company, but that the latter judgment was based upon a mortgage older than the judgment of Burney, and asked the court's direction in the distribution of the fund. The record does not show that the Thomasville Live Stock Company ever filed any pleading, equitable or otherwise, in answer to the rule; nor was it shown that the mortgagor consented to the sale of the entire estate, or that there was anything in the pleadings or the evidence to show that the entire estate was sold or brought its value, and there was no allegation of insolvency of the defendant, or that the holder of the

younger judgment was otherwise remediless. The fund was therefore properly awarded to the older of the two judgments. "When the claimant alleges and proves such facts only as entitle him to strict legal rights, the court will enforce only his legal rights, and these according to the strict rules of law; but when he alleges and proves such facts as entitle him to equitable relief, the court will enforce his equitable rights." *Berrie* v. *Smith*, 97 *Ga.* 782, 786 (25 S. E. 757). See also *Baker* v. *Gladden*, 72 *Ga.* 469; *National Bank* v. *Exchange Bank*, 110 *Ga.* 692 (36 S. E. 265); *DeVaughn* v. *Byrom*, supra; *Hughes* v. *Mt. Vernon Bank*, 4 *Ga. App.* 23 (60 S. E. 809); *Bryan* v. *Madison Supply Co.*, 135 *Ga.* 171 (4) (68 S. E. 1106).

                    *Judgment affirmed. Broyles, P. J., and Jenkins, J., concur.*
                         DECIDED APRIL 5, 1917.

Money rule; from city court of Thomasville—Judge W. H. Hammond. September 30, 1916.

The motion to dismiss the writ of error was on the following grounds: (1) "As to the plaintiff in error, Thomasville Live Stock Company, the only exception taken to the final judgment is that it is erroneous in that the judgment of the Thomasville Live Stock Company, under which sale was made, being on notes secured by mortgage recorded prior to the judgment of Burney, was entitled to the fund in preference to Burney's judgment. This is not a sufficient assignment of error to the judgment, although error is formally assigned thereon, so far as the Thomasville Live Stock Company is concerned, there being no written pleadings filed by said Thomasville Live Stock Company; and plaintiff in error has no right to carry this case to the Court of Appeals, no written pleadings having been filed by it, making it a party thereto; nor is there any order allowing Thomasville Live Stock Company to adopt the sheriff's answer, and nowhere is it shown that they adopted his answer as their own, and the sheriff is the only party entitled to carry the same to this court. (2) Because no motion for a new trial was ever made."

*Merrill & Grantham,* for plaintiff in error.

*Titus, Dekle & Hopkins, W. I. MacIntyre,* contra.