36311.  GENERAL FINANCE & THRIFT CORP. *v.*
BANK OF WRIGHTSVILLE.

QUILLIAN, J.  1. Where the same person holds a retention-of-title contract to personalty and a bill of sale to secure a debt covering the same chattel, and both instruments could be foreclosed, a foreclosure and sale under the bill of sale divests the holder's title to the property retained by the retention-of-title contract at the time the sale occurs. *Dozier* v. *McWhorter,* 113 *Ga.* 584, 585 (39 S. E. 106).

2. It was held on a previous appearance of the case (*General Finance & Thrift Corp.* v. *Bank of Wrightsville,* 92 *Ga. App.* 808, 90 S. E. 2d 93), that where the holder of a conditional-sale contract retaining title to personalty and a bill of sale secured by conveyance of title to the same chattel, and the property is brought to sale under foreclosure of the bill of sale and the conditional-sale contract is not foreclosed, a third person, who holds a bill of sale recorded prior to the bill of

8

sale under which the property is brought to sale, which is duly foreclosed and placed in the sheriff's hands prior to the sale, is entitled to the funds derived from the sale. Authority for this ruling is found in *Thomasville Live Stock Co.* v. *Burney*, 19 *Ga. App.* 703 (91 S. E. 1062).

3. On the former appearance of the case we held also, Chief Judge Felton dissenting, that the holder of both the conditional-sale contract and the bill of sale waived his right to claim the funds arising from the sale by having the chattel covered by both instruments seized and sold under the bill of sale without foreclosing the conditional-sale contract. Under pronouncements by the Supreme Court and previous opinions of this court on the subject, the view is inescapable that such waiver was of a procedural nature, such as did not estop the holder of the conditional-sale contract from foreclosing and claiming the funds arising from the sale of the property at any time before they are actually distributed. The case of *Atlanta Trust & Banking Co.* v. *Nelms*, 115 *Ga.* 53, 64 (41 S. E. 247), holds that a lien may, after sale of property, be placed in the hands of the sheriff and claim funds under our money rule practice. In *McIntyre* v. *Garmany*, 8 *Ga. App.* 802 (3) (70 S. E. 198) is the pronouncement that a holder of a lien reduced to judgment subsequent to the sale of the property under other process may claim the funds provided they are still in the hands of the sheriff.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*

DECIDED JANUARY 23, 1957.

*Joe W. Rowland*, for plaintiff in error.
*Emory L. Rowland*, contra.

