GRIFFIN & CLAY, plaintiffs in error, vs. WILLIAM J. MAR-
SHALL and JOHN W. ANDERSON'S SONS & COMPANY, de-
fendants in error.

Under the Judiciary Act of 1799 and the Act of 1839 amendatory there-
to, a mortgage on personal property executed by one non-resident of
the State at the time, may, if the property be brought into this State,
be foreclosed in the county where the property may be found, and sec-
tion 3895 of the Code providing for the cases therein mentioned does
not repeal the Acts of 1799 and 1839 in this respect.

Foreclosure of mortgage on personalty made by a non-
resident.    Before Judge SCHLEY.    Chatham Superior Court.
May Term, 1871.

On April 9th, 1870, William J. Marshall executed a mort-
gage in favor of Griffin and Clay, in the county of Marion,
and State of Florida, " on the entire crop planted and to be
grown this year on the plantation in the county and State,
aforesaid, known as the Wetumpka Place," for the secur-
ing of certain promissory notes therein mentioned.  Nine
bales of cotton covered by this mortgage were brought into
the State of Georgia, the mortgagor still retaining his resi-
dence in the State of Florida.    On February 7th, 1871, the
aforesaid mortgage was foreclosed before Judge Schley, and
an execution issued, which was levied upon said cotton, and
a claim filed by John W. Anderson's Sons and Company.
The mortgage was recorded in Chatham county, on February,
3d, 1871.    On the trial of the claim, the mortgage execu-
tion was excluded upon objections made by the claimant, and
plaintiffs in error excepted upon the following grounds, to-
wit:

1st.  That the Court erred in deciding that a mortgage
made in Florida, where the mortgagor resided, at the time,
on personal property then in Florida, which property was
subsequently removed to the city of Savannah, Chatham
county, in Georgia, by the mortgagor, and the mortgage re-
corded in Chatham county, Georgia, within the time required

by law, he, the mortgagor, still remaining a resident in Florida, and not removing himself into Georgia, cannot be foreclosed in Georgia under the statutory remedy for foreclosure of mortgages on personal property in Georgia.

2d. That the Court erred in deciding that there was no statutory remedy by foreclosure of mortgages of personal property made out of the State, and the property subsequently brought into Georgia, unless the mortgagor resided in the judicial circuit whose Judge foreclosed the mortgage; or where the mortgagor resided in this State at the date of the mortgage, but is a non-resident when the mortgagee seeks his remedy by foreclosure.

3d. That the Court erred in deciding that the judgment of foreclosure in this case was void.

4th. That the Court erred in its entire decision in this case, and that the same is against law, and destroys the lien of the mortgagee by denying and withholding the only and appropriate remedy provided by the laws of Georgia for its enforcement.

LAW, LOVELL & FALLIGANT; J. R. SAUSSY, for plaintiffs in error.

HARTRIDGE & CHISHOLM, for defendants.

McCAY, Judge.

The only question in this case is whether, under our law, a mortgage upon personal property can be foreclosed, in the ordinary method, when, though the property is here, the mortgagor does not reside here. There seems to be no reason why this should not be so, in the nature of things. The proceeding is against the property, and there is no notice to the mortgagor required. The seizure of the property is notice; and even after the seizure the mortgagor, or his agent, Code, section 3899, may set up any defense there may be to the debt. The only difficulty, therefore, is whether our Acts

providing the method of foreclosure include a case where the mortgagor resides out of the State, and the property is within our bounds?

It is contended that section 3895 of the Code covers the whole subject, and that it does not include this case; that the machinery it provides does not apply to the facts of this case. That section declares that the *fiat* shall be issued by the Judge whose Circuit embraces the residence of the mortgager, at the time of the foreclosure, if he be resident in the State, and if not a resident of the State, then by the Judge of the Circuit in which he resided, at the date of the mortgage. The mortgager in this case does not reside here now, and did not at the date of the making of the mortgage. So that by the letter of the statute, there is no express authority given to any Judge to issue the *fiat*, or pass the order. The cases provided for are where the parties have, by their own act, fixed a locality, where there is special propriety, the case shall be returnable, to wit: the residence of the defendant at the time of foreclosure, or, if he has none such, then his residence when he made the mortgage. There is nothing in this Act denying the right to foreclose, when the defendant has not resided here at all; nor is there any provision made for the case, which is not uncommon, when the party making the mortgage is ambulatory, even though he lives in the State. Is the mortgagee to lose his statutory remedy because he cannot follow the letter of the law, or is it the duty of the Courts to give the statute such a construction as will carry out the letter of the law?

The only object of fixing any place for the issuing of the execution is to provide where the issue shall be tried, if the mortgagor makes any defense. For persons who are or have been citizens of Georgia, a place is fixed; but for others, no place is fixed. Why do they not stand on the footing of non-residents, in ordinary suits? Why may they not be sued where they can be found? So far as this is a proceeding against property, the place where it is found would give

a Court of equity jurisdiction over it; and if the defendant wishes to make an issue, he has no residence here, and never has had to give it special direction. Pursuing, therefore, the spirit of section 3895, as well as the spirit of section 3399, as to suits against non-residents, and of section 1690, as to citizens of the State, who have no special residence. We see no reason why the present proceeding is not sustainable. The mortgagee has a clear right to have his mortgage foreclosed in this State.

Our law provides that for every right there shall be a remedy, and if none is pointed out by law the Courts shall frame one : section 3185. It is declared, also, that no person shall be forced into equity, if he chooses to seek his rights at law : Code, 3027. Though in truth, even a Court of equity would have, in this case, to take a jurisdiction as to place, not specially pointed out. Upon the whole, therefore, we think this proceeding was not improper. The law specially authorizes a mortgage in a case like this to be recorded in the county where the property is brought, and it is in full accordance with the spirit of the section for foreclosing. We, therefore, reverse the judgment in this case.