Bird, administratrix, *vs.* Harris, executor.

[Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

Where there is a rule against the sheriff for money in his hands, and the same is made absolute by an order to pay the money to the movant, another claimant of the fund, who was made a party to the rule, cannot bring the case to this court, without making the sheriff a party to the writ of error, or serving him with the bill of exceptions. A receiver is a mere custodian for the court, but the sheriff is responsible to all the world.

Practice in the Supreme Court. Parties. September Term, 1879.

Reported in the opinion.

E. C. Bower, for plaintiff in error.

J. C. Rutherford, for defendant.

Bleckley, Justice.

Harris, as executor of Harris, petitioned for a rule against Williams, the sheriff, requiring the latter to show cause why he should not pay over certain money which remained in his hands after satisfying the execution under which it was raised, and other executions against the executor, the money being the proceeds of the testator's property which the sheriff had exposed to sale. A rule *nisi* was granted. The sheriff answered, admitting the possession of the amount of money which the movant claimed, and alleging as the

only reason for not paying it over, that he had been noti-fied by Bird, administratrix of Bird, to hold it up for pay-ment to said administratrix upon a judgment in her favor against the executor, Harris, individually.   The said admin-istratrix came in, and, upon her petition, was made a party to the rule; after which the court, adjudicating upon the rule *nisi*, ordered the sheriff to pay the money to Harris, the executor.   The administratrix excepted to this order, but neither joined with herself the sheriff as a party plain-tiff in the writ of error, nor served him with the bill of exceptions as a party defendant thereto.   The executor, Harris, was served, and when the case was called here, his counsel moved to dismiss the writ of error.   The motion must prevail.   The sheriff is the party against whom the judgment below was rendered.   The order requiring him to pay over the money was virtually a rule absolute, and he is now subject, at the option of the movant, to an execu-tion against his property or an attachment against his per-son.   Code, §3956.   The sheriff's relation to the court and to the public is different from that of a receiver, and con-sequently the case in 45 *Ga.*, 167, is not in point.   A re-ceiver is a bare custodian; he holds for the court, and his possession is that of the court itself.   11 *Ga.*, 413.   The sheriff, on the contrary, is a general officer, answerable for his conduct to all the world.   Whoever pleases to sue or to rule him may do so, and he must defend himself as best he can.   He requires no leave of court to enable him to liti-gate, and cannot screen himself behind the dignity of the court to hold off suitors against him.   He is even more exposed than non-official persons, for his person, as well as his property, may be taken in satisfaction.   He has an in-terest in the affirmance or reversal of the rule absolute which has been rendered against him, and without his pres-ence or service upon him, there can be no review.

Writ of error dismissed.