RICH vs. COLQUITT, governor.

1. A mortgage on personalty must be foreclosed in the county of the residence of the mortgagor, if a resident of this state ; and that it is so foreclosed should affirmatively appear from the records.

2. If a *fi. fa.* founded on a mortgage on personalty, which has not been properly foreclosed, is claiming a fund arising from the sale of a part of the property under another *fi. fa.*, a new foreclosure, or an amendment of the original proceedings by inserting an allegation of jurisdiction, would have left the mortgage without a *fi. fa.* when the property was sold, and thus prevent the *fi. fa.* from taking the fund.

Mortgage. Jurisdiction. Lien. Amendment. Before Judge CLARK. City Court of Atlanta. December Term, 1879.

William Rich was security on a recognizance for the appearance of one George McCullough to answer a criminal charge. The recognizance was duly forfeited. The *fi. fa.* issuing on said judgment was levied on thirteen barrels of sweet potato brandy, as the property of William Rich, and on the first Tuesday in December, 1879, this brandy was sold, and the net sum of $664.69 realized therefrom. On the day before the sale, Daniel Rich placed in the sheriff's hands a mortgage *fi. fa.* for a large sum, in his favor, and ordered the sheriff to hold up the fund. He did so, until ruled by the defendant in error, and in answer to the rule returned the Daniel Rich mortgage, the affidavit foreclosing the same, and the mortgage *fi. fa.*

The mortgage of William Rich to Daniel Rich was dated May 31st, 1877, and was recorded October 11th,

1877, being after the judgment of forfeiture *nisi* in the case of *Colquitt, governor, vs. Rich,* but before the judgment absolute. The property mortgaged is described in said mortgage as follows: " All the wines and liquors in barrels and bottles and in cases, empty flasks, barrels, kegs and demijohns, also office fixtures, and everything pertaining to the liquor trade now in the store owned by said William Rich, 31 Alabama street, etc.,  .  .  . this mortgage to attach to any new purchases, if any, as the goods are sold."

The affidavit of Daniel Rich annexed to his mortgage, and which was the basis of the foreclosure thereof, nowhere declares that the defendant named therein resides in Fulton county. It was dated December 1st, 1879, and the sale occurred December 2d, 1879, under the Colquitt *fi. fa.* and levy. No notice was given at the sale of the foreclosure of the mortgage of the plaintiff in error, nor was any notice given of his intention to release the property sold from the lien of his mortgage, or of his intention to look to the proceeds of the sale for satisfaction, nor was there any agreement between the mortgagor and mortgagee and plaintiff in *fi. fa.* that the entire property should be sold, but the *fi. fa.,* as such, was put into the sheriff's hands with instructions to hold up the fund.

The court ordered the fund to be paid to the Colquitt *fi. fa.* Rich's counsel moved the court to continue the hearing in order that he might amend the affidavit of foreclosure and have a new *fi. fa.* issued. This the court refused. Rich excepted.

S. WEIL, for plaintiff in error.

HOWARD VAN EPPS, solicitor city court, for defendant.

JACKSON, Justice.

The question made in this case which must control it, is whether a mortgage on personal property must be fore-

closed in the county of the residence of the mortgagor, if a resident of this state.

1. The mortgage of Rich could not claim the money unless it had been foreclosed, inasmuch as he had not complied with the statute and agreed that not only the equity of redemption but the entire property be sold. Code, §§3973–4, 1967. Therefore, if not legally foreclosed and claiming the money as an execution, it had no standing in court; and if not foreclosed in the county of the mortgagor's residence, it was not in legal contemplation foreclosed at all, and the *fi. fa.* was not in existence.

It was ruled in 13th *Ga.*, 285, that even the judge of the superior court could not issue the judgment of foreclosure on an affidavit made before him in a county other than the mortgagor's residence, though in the circuit over which he presided; and in 54th *Ga.*, 167, it was again ruled that "the foreclosure of the mortgage on personal property was not valid, because it was not alleged that the defendant resided in Baldwin county, where the mortgage was foreclosed, at the date of the foreclosure, or where he did reside." So that the question is not open in this court. There is reason for the rule too. No notice is given of the foreclosure, and if the defendant lived in another county, the personalty might be sold under the mortgage *fi. fa.* before he knew a thing about it. If done in his county, he would be apt to hear of it, and then have the opportunity to defend it. Besides, the constitution contemplates that every resident of the state be sued in his own county; and the non-resident alone may be sued where you can catch him in mortgage foreclosures of personalty as in other cases. Code, §3971; 45 *Ga.*, 549; Sup. to Code, §651.

2. This point controls this case. It is unnecessary, therefore, to consider the other questions further than to say that another foreclosure would have had no effect so far as to claim this money, nor would an amendment have helped the plaintiff in error; because either an amend-

ment of the affidavit, or a new start altogether, would have left him without a *fi. fa.* when the property was sold, and he could not claim the money which it brought under section 1967 of the Code, before cited.

Judgment affirmed.