### Taylor *v.* Dobson.

1. While the statute (Code, §3419) applicable to bail-trover requires that a copy of the affidavit shall be affixed to the original petition or process, the action of the sheriff in serving process and taking bond is not rendered void by reason of such copy being incomplete or otherwise defective, the copy being amendable, and there being no statute expressly declaring the proceeding void for such irregularity or for any amendable defect. Code, §3507.

2. After judgment has been entered up against principal and surety on a bond taken by the sheriff, the surety, by motion to set aside the judgment, may raise the question of the genuineness of such bond or of its non-execution by him, and at the hearing of the motion may sustain it by parol or other evidence. If in his motion he fails to raise this question, but alleges only that "the record in said case does not show that any bond, statutory or otherwise, was ever taken or delivered in said case," the sheriff's return that he took a bond, together with parol evidence that a bond purporting to be executed by the principal and the surety was of file in the clerk's office, and that it has been lost without being recorded, there being no evidence tending to show the contrary, will be sufficient, *prima facie*, to uphold the judgment, without any direct evidence of the contents of the bond, the presumption of law being that the sheriff took such bond as the statute prescribes and as his official duty duly performed required him to take. By the loss of the bond it did not cease to be an office paper, and, as such, a part of the record of the case to which it belonged.

3. The court did not err in denying the motion to set aside the judgment. Code, §3419.          *Judgment affirmed.*

May 25, 1892.

Bail-trover. Bond. Judgment. Before Judge Fal-ligant. Effingham superior court. November term, 1891.

Maria Dobson sued Pevee in trover, obtained a verdict, and entered up a judgment against him and against Taylor as security on his bail-bond. Afterwards Taylor filed his motion to set aside the judgment as to him, which motion was overruled, and he excepted.

The motion to set aside the judgment was upon the grounds : (1) Movant was not a party to the cause at the time of the rendition of the judgment. (2) The record

in the case shows the judgment therein to have been rendered against movant on May 14, 1888, as a surety on some bond pretended to have been taken in the case, the same being an action of trover in which no copy of an original affidavit to hold to bail was ever attached to the original bill or process in the case. (3) The record does not show that any bond, statutory or otherwise, was ever taken or received in the case in which movant was a party thereto as surety. (4) The sheriff had no legal authority to demand or receive any bond in the case, the same not being an action of bail-trover.

Upon the hearing of the motion appeared the original declaration seeking to recover a certain mule from Pevee, and the process attached thereto; also, the copy affidavit attached to the declaration, to the effect that plaintiff was about to institute an action of trover against Pevee, returnable to the May term, 1886, of the superior court, to recover the mule, describing it and stating its value; that said mule was then in the possession, custody and control of Pevee, and she had reason to apprehend that it would be eloigned and moved away and would not be forthcoming to answer the judgment that might be had in said action of trover; that she claimed for the hire of the mule from the 25th of January, 1886, to this date the sum of $30; and that she verily and *bona fide* claimed the property above described. This copy affidavit had no signature and no attestation, though in the body it purported to be made by Maria Dobson before one Taylor, a justice of the peace. The return of the sheriff stated that he had served a copy " of the within process " by handing it to Pevee in person, and taken bond for the forthcoming of the property " or condemnation money for the May term, superior court, 1886." The verdict and judgment also appeared. The original affidavit to hold to bail was similar to the copy affidavit above mentioned, except that it was signed by Maria Dobson with her mark, and attested by Taylor as

justice of the peace, and except that the mule in the copy affidavit was partly described as a bay or mouse colored horse-mule, and in the original as a mouse colored horse-mule.

By consent of both parties, the clerk of the court stated that there was not of record in his office any bond in the case; that he had searched for but could not find a bond; that he had seen a bond some time, but could not say when; that Taylor's and Pevee's names were on the bond, but he did not know the contents of it; that he was quite positive there had been a bond in the office before judgment, but could not say that it was in office at the time of the judgment; that he was not certain that he had seen it since judgment was rendered; and that he had never read it and could not say what were its conditions. The respondent offered no evidence.

J. G. & D. H. CLARK, for plaintiff in error.

A. C. WRIGHT, contra.