HYNDS MFG. CO. *v.* OGLESBY & MEADOR GROCERY CO.

The holder of an unforeclosed mortgage on property brought to sale under a general judgment junior to the mortgage, could not, without the consent of the mortgagor and the plaintiff in execution, cause the entire estate to be sold and afterwards claim the fund in the sheriff's hands.

January 27, 1894.

Money rule.    Before Judge WELLBORN.    Lumpkin superior court.    April term, 1893.

H. H. DEAN, for plaintiff.    M. G. BOYD, for defendant.

SIMMONS, Justice.

Movants in a rule against the sheriff, to which the Oglesby & Meador Grocery Company had been made a party defendant, contested with the respondent company for the remainder of a fund raised by a sale of realty under a levy of executions of the movants founded on general judgments. The respondent company claimed under a mortgage of prior date to the judgments, and in its petition to be made a party defendant, alleged that at the sale in question the entire estate in the land was sold, and that the defendant in *fi. fa.* was wholly insolvent and had no other property besides that which was sold under the levy. It appeared that counsel for the respondent company gave public notice to the bidders at the sale that the entire estate would be sold and that the company would look to the proceeds of the sale to extinguish its mortgage, but the movants were not present and gave no consent to this. The mortgage was not foreclosed at the time of the sale. The respondent company was the purchaser at the sale. The judge, presiding without a jury, awarded the fund to the mortgage; and to this ruling the movants excepted.

A sale of land under a general judgment junior to a mortgage thereon is a sale of the equity of redemption only, unless the mortgage has been foreclosed and the

mortgagee places his execution in the hands of the officer making the sale and causes the title unincumbered to be sold (Code, §1967; *Tarver* v. *Ellison*, 57 *Ga.* 54), or unless the mortgagor and the mortgagee, and the plaintiff in the *fi. fa.* levied, consent that the entire estate shall be sold. (Code, §3974.) The mortgage in this case not having been foreclosed and no such consent having been given by the plaintiffs in *fi. fa.*, the interest sold was merely the equity of redemption, and the court erred in holding that the mortgage was entitled to the fund.

Counsel for the defendant in error relied upon the case of *Baker & Hall* v. *Gladden, sheriff*, 72 *Ga.* 469, in which it was ruled that the holder of an unforeclosed mortgage on land sold at sheriff's sale, although he could not at law claim payment out of the fund arising from the sale, could make such a claim in equity, and upon proper allegations showing the insolvency of the debtor and that the mortgage creditor would be without remedy unless such fund were awarded him, would be entitled to priority over creditors who claimed under judgments junior to the mortgage. In that case, however, the court was not dealing with a fund raised by a sale of the equity of redemption. The executions under which the sale was had were older than the mortgage, and the whole estate was sold; and the fund in controversy was the balance remaining after these executions had been satisfied. Clearly that decision is not applicable to the case at bar. 　　*Judgment reversed.*