## DeVAUGHN v. BYROM.

1. A levying officer ruled for money, and who is manifestly a mere stakeholder with no interest in the result of the case, is not a necessary party to a bill of exceptions sued out by one of the contestants for the fund.
2. When property is sold under execution, and the purchaser at first refuses to comply with his bid, but after a second sale of the property, at which he again becomes the purchaser, he pays the amount of his bid at the first sale, as such, and brings a rule against the officer, claiming the money under a process in his favor against the person whose property was sold, and the holder of the process under which the sale was had becomes a party to the proceedings and claims the amount in the officer's hands as the proceeds of the first sale, neither of the parties setting up any claim to the fund under the second sale, as between these parties the right to the fund will be determined as if the second sale had not taken place.
3. A justice of the peace has no authority to foreclose a chattel mortgage when the principal of the debt secured by the mortgage exceeds one hundred dollars; and an execution issued by such an officer upon an affidavit which recites that fact is a nullity.
4. The issuing of an execution is essential to a complete foreclosure of a chattel mortgage. The making of the affidavit required by law will not alone constitute a foreclosure.
5. An unforeclosed mortgage can not be the basis of a claim for money on a rule to distribute, unless it be shown that the holder of the mortgage would otherwise be remediless.
6. When property which is subject to a mortgage which has not been foreclosed is levied on by other process, the lien of which is junior to that of the mortgage, "the entire estate" can not under such levy be sold so as to allow the mortgagee to claim the proceeds of the sale, unless the mortgagor, the mortgagee, and the levying creditor consent.
7. The judgment rendered in awarding the fund in controversy in the present case was consistent with the rules above announced.

Argued May 18,—Decided June 4, 1900.

Money rule. · Before Judge Littlejohn. Dooly superior court. September term, 1899.

*Thomson & Whipple, J. W. Haygood,* and *J. K. Hines,* for plaintiff. *Greer & Felton* and *J. M. DuPree,* contra.

COBB, J. DeVaughn brought in the justice's court a rule against Bowen as constable, claiming a fund in the hands of the latter. Byrom became a party to the proceeding by intervention, and set up a claim to the fund. The case was by consent

appealed to the superior court, where the issues involved were submitted to the decision of the judge without the intervention of a jury. At the hearing the following facts appeared: On June 18, 1896, Sam Rowell executed and delivered to DeVaughn a mortgage upon a mule to secure a debt of $150, and on January 7, 1897, executed and delivered to Byrom a mortgage upon the same property to secure a debt of $131. On December 28, 1897, Byrom made an affidavit that there was due on his mortgage the sum of $56 principal and $2.90 interest, and upon this affidavit a mortgage execution was issued by a justice of the peace. The property described in the mortgage was seized under this execution, and was, after being duly advertised, sold on a regular constable's sale day to DeVaughn for $65, he being the highest bidder. On the day of sale DeVaughn placed in the hands of the constable a mortgage execution for $106 principal and $11.31 interest, which had been issued by a justice of the peace on an affidavit that there was due on the mortgage above referred to "the sum of one hundred and six dollars and 33-100 interest to date." There was no agreement between the parties interested that the "entire estate" in the property be sold, but Byrom knew that the mortgage execution of DeVaughn was in the hands of the constable when the property was sold. Both the mortgagees were present at the sale and bid on the property. DeVaughn at first refused to comply with his bid, and the property was readvertised and sold a second time under the mortgage execution of Byrom as well as an execution in favor of Gabe Lippman, and also an execution which had been issued by the county judge upon the foreclosure of the mortgage held by DeVaughn. DeVaughn became the purchaser at this sale at the sum of $45, but in his testimony he says that he "afterwards paid the money into court that the mule first brought at the first sale, to wit sixty-five dollars," and the allegations in his petition for the rule distinctly set up a claim to the sixty-five dollars as the amount of his bid at the first sale, it being in substance alleged, that the execution in his favor issued by the justice was placed in the hands of the constable that "the entire interest" in the mortgaged property might be sold; that he would not have bid at all if the equity of redemption only had been sold;

that $65 is the full value of the property, and as his mortgage is older in date than the one held by Byrom, he was entitled to "the amount of his bid, to wit sixty-five dollars," under the mortgage execution issued by the county judge subsequently to the sale; that he claimed the fund as the proceeds of the first sale. Byrom in his intervention set up that he objected to the second sale, and the same was had over his protest; that he had no connection therewith and claimed nothing thereunder; that under the first sale only the equity of redemption was sold, as the mortgage of DeVaughn had not been then legally foreclosed, and there was no agreement between DeVaughn, Rowell, and himself that the entire interest in the property should be sold. The judge awarded the fund to the mortgage execution in favor of Byrom, and to this ruling DeVaughn excepted.

1. When the case was called in this court a motion was made to dismiss the writ of error, for the reason that the constable was not made a party thereto. It does not appear from the record that the constable is at all interested in the result of the case. He is a mere stakeholder. Under such circumstances the constable is not a necessary party to the writ of error. Civil Code, § 5562; *Craig* v. *Webb*, 70 *Ga*. 188; *Moore* v. *Brown*, 81 *Ga.* 10 (2). The cases of *Bird* v. *Harris,* 63 *Ga.* 433, and *Brown* v. *Wylie,* 64 *Ga.* 435, were decided before the passage of the act now embodied in the section of the code above cited.

2. It is unnecessary to determine what would be the rights of the parties at interest in this case under the second sale had under the mortgage execution in favor of Byrom. DeVaughn in his petition for a rule against the constable distinctly sets up a claim to the money as the proceeds of the first sale, and Byrom in his intervention in terms repudiates all claim under the second sale and expressly asks that the fund be distributed as the proceeds of the first sale. As no one else interested in the matter is before the court, the case will be decided upon the issues as made in the pleadings of the parties, and as such issues relate exclusively to the first sale, they will be determined as if a second sale had never taken place.

3, 4. A mortgage on personal property is not foreclosed until the mortgagee, his agent or attorney, makes affidavit of the

amount of principal and interest due on the mortgage, annexes such affidavit to the mortgage, files the same with an officer authorized to issue an execution thereon, and has an execution duly issued. Civil Code, §§ 2753, 2760. The making of the affidavit alone does not constitute a foreclosure. Such being true, the mortgage held by DeVaughn was not a foreclosed mortgage at the date of the first sale, the execution issued by the justice of the peace on the affidavit thereto annexed being a nullity, as it appeared on the face of the affidavit that the amount of the principal due on the mortgage exceeded one hundred dollars. Even if the affidavit had been in other respects regular, the execution would have been a nullity, for the reason that the justice had no jurisdiction in the matter. See Civil Code, § 2760.

5. The general rule is that an unforeclosed mortgage can not be used as the basis of a claim for money which is in court for distribution. *Thornton* v. *Wilson,* 55 *Ga.* 607. An exception to this rule is when it appears that the mortgagee would otherwise be remediless. See *National Bank* v. *Exchange Bank,* 110 *Ga.* 692. There is nothing in the present case to bring it within the exception, and the general rule must be applied.

6. When property which is subject to a mortgage which has not been foreclosed has been levied on by other process, the lien of which is junior to that of the mortgage, the effect of the levy is to seize the equity of redemption only, and this interest in the property will be all that will pass to the purchaser. See *Harwell* v. *Fitts,* 20 *Ga.* 723; *Hynds* v. *Oglesby,* 93 *Ga.* 542. The sale may, however, be converted into a sale of the entire interest in the property, by the concurrent consent of the mortgagor, mortgagee, and levying creditor, and in such case the proceeds of the sale will be applied to the payment of the unforeclosed mortgage according to its priority. Civil Code, § 2759. In the absence of such consent, only the equity of redemption will pass to the purchaser. The mere placing of the mortgage in the hands of the levying officer will not dispense with the necessity of having the three persons referred to make an express consent that the entire interest in the property be sold. See *Rich* v. *Colquitt,* 65 *Ga.* 113; *Hynds* v. *Oglesby,* supra. There was no consent in the present case that the entire interest in the prop-

erty be sold, and for this reason DeVaughn could not claim the fund in court on his mortgage, which was unforeclosed at the date of the first sale.   The rights of the parties are to be determined as they existed on the day of sale, and, as on that day the mortgage of DeVaughn was unforeclosed, a subsequent foreclosure will not be allowed to place DeVaughn in any better position or in any way to interfere with the rights of Byrom as they became established by the transaction that took place on the day of sale.

7. There being no evidence that Byrom in any way misled DeVaughn as to his rights, so that it would be inequitable for him to stand on his strict legal technical rights in the matter, the judge did not err in awarding the fund to him.

*Judgment affirmed.   All concurring, except Fish, J., absent.*