## HITCH *v.* BAILEY *et al.*

1. When land on which there exists a valid lien by mortgage unforeclosed is seized and sold under a common-law judgment against the mortgagor, the lien of which is inferior to that of the mortgage, the purchaser acquires only the interest in the land which the defendant in fi. fa. had at the time, which is the equity of redemption. This being so, the defendant as mortgagor can not, after such sale, by joining in a consent with the mortgagee, lawfully cause the entire estate in the land to be sold and conveyed under another common-law judgment in favor of the mortgagee against him. His equity of redemption therein having been sold, the mortgagor afterwards holds no interest in that part of the land which was so first sold.
2. The plaintiff in this case acquired no title to the south half of the lot of land in controversy, by the sale last above indicated; and as he did not allege or show that the trespass was committed on any part of the land which he owned, there was no error in adjudging that he could not maintain his action

Submitted May 1, — Decided July 18, 1902.

Rehearing denied August 6, 1902.

Action of trespass. Before Judge Bennet. Ware superior court. August 20, 1901.

*Simon W. Hitch,* for plaintiff.

*Toomer & Reynolds* and *Quincey & McDonald,* for defendants.

LITTLE, J. Hitch brought an action in trespass against Bailey, Thigpen, and Tanner, to recover damages for cutting and removing timber from lot of land number two hundred and eighty-six, in the sixth district of Coffee county, Georgia. The defendants denied liability. The case was tried under an agreed statement of facts, in which it was conceded that if the plaintiff held superior title to the land, he was entitled to recover $200; and the only legal question which arises under the admitted facts is, whether the plaintiff showed such a title in himself to the lot of land on which the alleged trespass was committed as entitled him to recover. The case was submitted for determination by the judge without the intervention of a jury, and a judgment was rendered in favor of the defendants, to which Hitch excepted. There is nothing in the record which shows, or from which it can be inferred, on what part of the lot the alleged trespass was committed. It was admitted that the land belonged originally to Jeff. Kirkland, and the title of the plaintiff was derived from him in the following manner: A judgment was rendered in favor of the Bradley Fertilizer Company against

Kirkland, on February 13, 1897. The execution which issued thereon was levied on the lot of land in question, which was sold by the sheriff on October 13, 1899. The plaintiff purchased at this sale and received title from the sheriff. At the time of this sale the Bradley Fertilizer Company held an unforeclosed mortgage on the land, which bore date April 15, 1894, to secure the notes on which the common-law judgment was rendered. Defendants claimed title to the south half of the lot, under a conveyance by the sheriff, at another sale, to one of their number, Tanner. This sale was had under an execution in favor of the Chesapeake Guano Company, which issued on a judgment that company had obtained against Kirkland on October 12, 1896. So the only question presented for our determination is, what title the parties respectively acquired by these purchases ?

The lien of the judgment of the Chesapeake company was superior to that of the Bradley company, but inferior to that of the unforeclosed mortgage. At the sale under the common-law fi. fa. of the Bradley Fertilizer Company it was agreed between Kirkland, defendant in fi. fa. and mortgagor, and the Bradley company, plaintiff in fi. fa. and mortgagee, that the entire estate should be sold, and that the purchaser should take under the lien of the mortgage in the same manner as if his mortgage had been foreclosed; and it is contended, under the Civil Code, § 2759, that, this having been agreed to at and before the sale under the judgment in favor of the Bradley company, the purchaser at that sale took title to the entire estate, and holds the same, not only under the lien of the common-law judgment, but also under the lien of the mortgage, and that the title so acquired is superior to that which vested in Tanner to the south half of the lot by virtue of the sale under the older common-law judgment in favor of the Chesapeake company. This is not a sound contention. When the land was sold under the common-law judgment in favor of the Chesapeake company, the purchaser at that sale acquired all the interest which the defendant Kirkland had in the south half of the lot of land. That was the equity of redemption. *Tarver* v. *Ellison*, 57 *Ga.* 54; *Cottle* v. *Harrold*, 72 *Ga.* 830; *De Vaughn* v. *Byrom*, 110 *Ga.* 904, and cases cited. After such sale Kirkland had no further interest in that part of the land. Having none, no consent which he might thereafter have given would authorize the entire estate to be sold under the common-law

judgment in favor of the Bradley company; and without regard to such consent, and to any agreement which may have been made between the Bradley company as plaintiff in fi. fa. and mortgagee, and Kirkland as defendant in fi. fa. and mortgagor, the purchaser at the sale under the Bradley company's fi. fa. took no title to that part of the lot in question. That, subject to the lien of the mortgage, had vested in Tanner, the purchaser under the execution in favor of the Chesapeake company. All that could have been sold under the judgment of the Bradley company was Kirkland's interest in the land, he being the defendant in fi. fa. After the execution of the mortgage he held only the equity of redemption. Tanner had previously acquired this in the south half of the lot; hence, Kirkland not having any interest at the time of the second sale in that part of the land, Hitch, who purchased thereat, could acquire none.

The plaintiff in error sought to recover a judgment by way of damages for a trespass which he alleged was committed on the lot of land, to the whole of which he claims title. As has been shown, he has no title to the south half of the lot. He does not allege that the defendants committed a trespass on the north half. Therefore, under the admitted facts found in the record, he was not entitled to recover, and a judgment in favor of the defendants was properly rendered.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*