## 7096.   HARRELL v. ATTAWAY.

BROYLES, J.   1. The petition in trover set out a description of the property, its value, title thereto in the plaintiff, possession in the defendant, and a refusal by the latter to deliver the property to the plaintiff or to pay him the profits thereof, and was not subject to general demurrer. *Phelan* v. *Vestner*, 125 *Ga.* 825, 826 (54 S. E. 697).

2. The petition was not subject to any of the special grounds of the demurrer interposed.   The fact that the affidavit to hold to bail was defective and was not amended was cause for dismissing the bail proceedings, if any were instituted (the record does not disclose whether or not bond was given by the defendant—*Taylor* v. *Dobson*, 89 *Ga.* 361, 362 (15 S. E. 470), but not for dismissing the entire petition.  See, in this connection, *Edwards* v. *Boyd Co.*, 136 *Ga.* 733, 738 (72 S. E. 34).

3. The court erred in sustaining the general and special grounds of the demurrer to the petition, and in entering up judgment for costs against the plaintiff.                                      *Judgment reversed.*

DECIDED JUNE 23, 1916.

Trover; from city court of Hazlehurst—Judge Grant.   October 21, 1915.

*Newton Gaskins,* for plaintiff.

---

## 7103.   FLOWERS LUMBER COMPANY v. BUSH.

BROYLES, J.   1. In this State a security deed passes legal title to land (Civil Code, § 3306), and where, as in this case, the leasehold of the plaintiff is under one who, by making a security deed to his creditor, has divested himself of the legal title, and the plaintiff has no more than a mere possession of the land upon which the trespass is alleged to have been committed, he can not maintain his action for damages to the realty.  See *Morris* v. *McCamey*, 9 *Ga.* 160; *Hitch* v. *Bailey*, 115 *Ga.* 891 (42 S. E. 252).

2. The evidence demanded a finding that the legal title to the property, upon which the defendant was alleged to have cut timber which was being boxed for turpentine by the plaintiff, was not in the person from whom the plaintiff had leased the turpentine privilege, but, on the contrary, was, by deeds duly recorded, vested in one S. P. Holland, from whom the defendant lumber company had leased the timber-cutting privilege, and that the plaintiff had no legal interest whatever in the land or the timber thereon.

3. The court erred in overruling the motion for a new trial.

*Judgment reversed.*

DECIDED JUNE 23, 1916.

Trespass; from city court of Blakely—Judge Sheffield.   November 16, 1916.

*L. M. Rambo, W. I. Geer,* for plaintiff in error.