15338.  COWETA FERTILIZER COMPANY v. KISER
COMPANY.

Under the facts of this case the court, on a money rule, did not err in
awarding the fund to the holder of the superior mortgage lien, on the
theory that all parties concerned had by their acts and conduct con-
sented to a sale of the entire interest in the property.

DECIDED DECEMBER 17, 1924.

Money rule; from city court of Newnan—Judge Post.  January
11, 1924.

*Hall & Jones,* for plaintiff in error.

*Dorsey, Brewster, Howell & Heyman, W. P. Bloodworth,* contra.

JENKINS, P. J.  1.  Section 3286 of the Civil Code (1910)
provides how mortgages of personalty shall be foreclosed.  Section
3291 provides that "if other fi. fas. are levied on the mortgaged
property, and the same is sold, the mortgage fi. fa. may nevertheless
claim the proceeds of the sale if its lien is superior." While it is true
that, where property is sold under a judgment, the lien of which is
superior to that of a subsequent unforeclosed mortgage, the entire
interest being legally subject to the levy, the holder of such an
unforeclosed inferior mortgage is entitled to have his rights es-
tablished, under equitable principles, in the distribution of the
fund under a money rule (*Baker* v. *Gladden,* 72 *Ga.* 469; *Sims*
v. *Kidd,* 55 *Ga.* 627), it is the general rule that where property is
sold under a judgment whose lien is inferior to a prior outstanding
mortgage, the only interest covered by the levy and conveyed by the
sale is the equity of redemption held by the mortgagor, and the
purchaser at such a sale takes the property subject to the outstand-
ing lien of the mortgage.  *Hynds Mfg. Co.* v. *Oglesby Grocery Co.,*
93 *Ga.* 542 (21 S. E. 63).  In such a sale under a junior judg-
ment, where the lien of the superior mortgage has not been fore-
closed, in order for the mortgagee to claim the fund, the entire
interest or estate in the property, and not the mere equity of re-
demption, must have been sold, and this could have been effective
only by the consent of the mortgagor, the mortgagee, and the plain-
tiff in fi. fa.  Civil Code (1910), § 3292; *DeVaughn* v. *Byrom,*
110 *Ga.* 904 (6) (36 S. E. 267) ; *Milner* v. *Pitts,* 117 *Ga.* 794 (45
S. E. 67).

2.  In the instant case such a consent by all parties will be
presumed to have been made, since it appears that the entire in-

terest in the property was in fact levied upon, sold, and conveyed; that the mortgagor was insolvent; and that the mortgagee in obtaining his judgment under which the property was sold had, by the terms of his judgment and without objection on the part of the mortgagor, undertaken to set up and establish a special and preferred lien on the mortgaged property. While the proper method *legally* to subject the entire property to the sale under the judgment so as to include the interest covered by the lien of the mortgage would have been by foreclosure and not by the procedure attempting to set up by the judgment a preferred lien on the mortgaged property, still in giving effect to equitable principles such as are applied in the distribution of funds in a money rule (Civil Code of 1910, § 5348), there was no error in awarding the funds to the holder of the superior mortgage lien, on the theory that all parties concerned had by their acts and conduct consented to a sale of the entire interest in the property. See *Browder* v. *Blake,* 135 *Ga.* 71 (68 S. E. 837).

　　　　　*Judgment affirmed. Stephens and Bell, JJ., concur.*