150

## 22917. FLINT RIVER MOTOR CAR CO. *v.* FARRAR.

DECIDED DECEMBER 22, 1933.

*W. V. Custer & Son,* for plaintiff in error.

*J. C. Hale,* contra.

MacINTYRE, J. J. K. Farrar brought a bail-trover action against Flint River Motor Car Company, describing the property sought to be recovered in his petition as "one (1) Ford touring car, 1925 model, engine 11875812." The bail-affidavit describes the property as "one Ford touring car, 1929 model, engine number 11875812." The promissory note and contract was executed by A. C. Dorsey to J. K. Farrar, dated April 13, 1928, recorded April 16, 1928, and retained title to "one Ford touring car, 1925 model, engine number 11875812." The plaintiff contended that this car as described in the retention-of-title-contract was bought by the defendant after the recording of the contract. The defendant said he traded with the said Dorsey for a Ford touring car, motor number 11375812, and that he had sold the car, and that he never got from Dorsey a car with the motor number 11875812. The jury found for the plaintiff, and, the defendant's motion for a new trial being overruled, the movant excepted.

The first special ground of the motion for a new trial (numbered 4) is as follows: "Because the allegation in the affidavit describes the property as one Ford touring car, 1929 model, engine number 11,875,812," while the evidence produced in support of said allegation, contained in the conditional-sale contract, was, "one Ford touring car, 1925 model, engine number 11,875,812." The defect in the bail-affidavit related to the liability of the security on the bail-bond,—if there was such a bond. The record does not disclose that a bond was given, except in so far as the giving of such bond may be inferred from the fact that the final judgment was entered

up against the surety as well as against the principal. Even if the defect in the bail-affidavit affected the liability of the surety on the bail-bond, it did not harmfully affect the defendant's liability, for its liability is the same in the ordinary action in trover and a trover suit with bail. *Witt* v. *Nessar,* 145 *Ga.* 674 (2) ; *Johnston* v. *Sheppard,* 22 *Ga. App.* 206 ; *Harrell* v. *Attaway,* 18 *Ga. App.* 269 ; *Small* v. *Wilson,* 20 *Ga. App.* 674. We hold that this ground discloses no reversible error.

The second special ground (numbered 5) complains of the following charge of the court: "I charge you further that should you find from the evidence that at the time the Flint River Motor Car Company traded with Dorsey that there was a retention-of-title contract on record in the clerk's office in this county, covering a car of a similar description, with the exception that there was a difference of one figure in the number of the car—that there was a similarity in the two numbers to such degree that it would put the Flint River Motor-Car Company on notice to make an investigation to see whether or not the car he was trading for was one and the same car as that other which Farrar held a retention of title for, and that he didn't exercise the proper care and diligence in determining whether or not that was the same car over which Farrar held the retention-of-title contract, I charge you as a matter of law that he took the security over the car with notice of the Farrar lien." The first assignment of error is that "the vice in this charge is that it was not adapted to the evidence, in that, instead of it being a difference of one figure, it was a difference of five hundred thousand between the proof shown by the defendant and the evidence offered by the plaintiff as to the property sued for." The plaintiff's evidence was to the effect that the motor number was 11,875,812. The defendant's evidence was to the effect that the motor number was 11,375,812. We do not think that the excerpt was subject to the first assignment of error.

"Movant further contends that the statement, 'I charge you, as a matter of law, that he took the security over the car with notice of the Farrar lien,' was an invasion of the province of the jury and directed the jury to find a verdict for the plaintiff if the facts summed up by the judge were found to exist in any degree, when as a matter of law the sole question was one for the jury to determine without a finding by the court that such facts would consti-

tute a legal ground of recovery by the plaintiff irrespective of the weight the jury gave such facts." The charge, in effect, states that should the jury find from the evidence certain enumerated facts, "then, as a matter of law, . . he [defendant] took the security over the car with notice of the Farrar lien." In other words, the judge charged, in effect, that if the enumerated facts, including the fact of the recording of the retention-of-title contract, were found to be true by the jury, then the recording of the said contract raised a presumption of law that the defendant had notice of the plaintiff's lien. We hold that the assignment of error is not good.

The other special grounds are without merit; the evidence authorized the verdict; and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*